

FILED

AUG 11 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.  20-34    Erie |
| | ) |
| MICHAEL DENIRO HACKETT | ) **(Under Seal)** |
| KATHRYN NICOLE SHAW | ) |
| TREASURE ANN GRAY | ) |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Paul S. Sellers, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a five-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT CHARFGED |
|---|---|---|---|
| 1 | Conspiracy to commit offenses against the United States From on about March 9, 2020, to on or about July 21, 2020 | 18 U.S.C. § 371 | ALL DEFENDANTS |
| 2 | Falsification of firearms purchase form On or about March 9, 2020 | 18 U.S.C. §§ 922(a)(6) and 2 | HACKETT SHAW |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT CHARFGED |
|-------|-------------|---------------|---------------------|
| 3 | Falsification of firearms purchase form On or about May 27, 2020 | 18 U.S.C. §§ 922(a)(6) and 2 | HACKETT GRAY |
| 4 & 5 | Possession of a firearm by a convicted felon On or about March 9, 2020 (Count 4) May 27, 2020 (Count 5) | 18 U.S.C. § 922(g)(1) | HACKETT |

## II. ELEMENTS OF THE OFFENSES

### A.    As to Count 1:

In order for the crime of conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That two or more persons agreed to commit offenses against the United States, as charged in the Indictment.

2.    That MICHAEL DENIRO HACKETT, KATHRYN NICOLE SHAW and TREASURE ANN GRAY were a party to or member of that agreement.

3.    That MICHAEL DENIRO HACKETT, KATHRYN NICOLE SHAW and TREASURE ANN GRAY joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that MICHAEL DENIRO HACKETT, KATHRYN NICOLE SHAW and TREASURE ANN GRAY and at least one other alleged conspirator shared a unity of purpose and the intent to achieve falsification of firearms

2

purchase form and possession of a firearm by a convicted felon, to commit offenses against the United States.

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.    As to Count 2:**

In order for the crime of falsification of firearms purchase form, in violation of 18 U.S.C. §§ 922(a)(6) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That Dunham's Sporting Goods was a federally licensed firearms dealer.

2. That KATHRYN NICOLE SHAW made a false statement while acquiring a firearm from Dunham's Sporting Goods.

3. That KATHRYN NICOLE SHAW knew that the statement was false.

4. That the false statement was intended or likely to deceive Dunham's Sporting Goods with respect to any fact material to the lawfulness of the sale of the firearm.

Third Circuit Model Criminal Jury Instruction 6.18.922A.

In order to find MICHAEL DENIRO HACKETT guilty of a violation of 18 U.S.C. § 922(a)(6) because MICHAEL DENIRO HACKETT aided and abetted KATHRYN NICOLE SHAW in committing this offense, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

3

1.      That KATHRYN NICOLE SHAW committed the offense charged by committing each of the elements of the offense charged.

2.      That MICHAEL DENIRO HACKETT knew that the offense charged was going to be committed or was being committed by KATHRYN NICOLE SHAW.

3.      That MICHAEL DENIRO HACKETT did some act for the purpose of aiding, assisting, soliciting, facilitating or encouraging KATHRYN NICOLE SHAW in committing the offense and with the intent that KATHRYN NICOLE SHAW commit the offense.

4.      That MICHAEL DENIRO HACKETT's acts did, in some way, aid, assist, encourage, solicit or facilitate KATHRYN NICOLE SHAW to commit the offense. MICHAEL DENIRO HACKETT's acts need not themselves be against the law.

Third Circuit Model Criminal Jury Instruction 7.02 (modified).

**C.      As to Count 3:**

In order for the crime of falsification of firearms purchase form, in violation of 18 U.S.C. § 922(a)(6), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That Tall Tales Sporting Goods was a federally licensed firearms dealer.

2.      That TREASURE ANN GRAY made a false statement while acquiring a firearm from Tall Tales Sporting Goods.

3.      That TREASURE ANN GRAY knew that the statement was false.

4.      That the false statement was intended or likely to deceive Tall Tales Sporting Goods with respect to any fact material to the lawfulness of the sale of the firearm.

Third Circuit Model Criminal Jury Instruction 6.18.922A.

4

In order to find MICHAEL DENIRO HACKETT guilty of a violation of 18 U.S.C. § 922(a)(6) because MICHAEL DENIRO HACKETT aided and abetted TREASURE ANN GRAY in committing this offense, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

1.    That TREASURE ANN GRAY committed the offense charged by committing each of the elements of the offense charged.

2.    That MICHAEL DENIRO HACKETT knew that the offense charged was going to be committed or was being committed by TREASURE ANN GRAY.

3.    That MICHAEL DENIRO HACKETT did some act for the purpose of aiding, assisting, soliciting, facilitating or encouraging TREASURE ANN GRAY in committing the offense and with the intent that TREASURE ANN GRAY commit the offense.

4.    That MICHAEL DENIRO HACKETT's acts did, in some way, aid, assist, encourage, solicit or facilitate TREASURE ANN GRAY to commit the offense. MICHAEL DENIRO HACKETT's acts need not themselves be against the law.

Third Circuit Model Criminal Jury Instruction 7.02 (modified).

**D.    As to Counts 4 and 5:**

In order for the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    MICHAEL DENIRO HACKETT knowingly possessed the firearms described in Counts Four and Five of the Indictment.

2.    At the time of the charged acts, MICHAEL DENIRO HACKETT had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year.

5

3. At the time of the charged acts, MICHAEL DENIRO HACKETT knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year.

4. MICHAEL DENIRO HACKETT'S possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

### III. PENALTIES

A. **As to Count 1: Conspiracy to commit offenses against the United States (18 U.S.C. § 371):**

1. A term of imprisonment of not more than five (5) years (18 U.S.C. § 371.

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

4. Any or all of the above.

B. **As to Counts 2 and 3: Falsification of firearms purchase form (18 U.S.C. § 922(a)(6)):**

1. A term of imprisonment of not more than ten (10) years.

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

4. Any or all of the above.

6

C.    **As to Counts 4 and 5: Possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)):**

1.    A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three (3) previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.    A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

PAUL S. SELLERS
Assistant U.S. Attorney
PA ID No. 316175

7