IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:20cr00034-1 |
| | ) | **Electronic Filing** |
| MICHAEL DENIRO HACKETT | | |

## MEMORANDUM ORDER

AND NOW, this 13th day of November, 2025, upon due consideration of defendant's Motion for Early Termination of Supervised Release and the government's opposition thereto, IT IS ORDERED that [135] the motion be, and the same hereby is, GRANTED in part and DENIED in part. The motion is granted to the extent it seeks termination of supervised release as of this date. The motion is denied in all other aspects.

Supervised release fulfills rehabilitative ends and is designed to assist individuals in their transition back into the community. United States v. Johnson, 529 U.S. 53, 59 (2000); United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012). Its primary purpose is to facilitate the integration of an offender back into the community rather than to dole out an additional measure of punishment. United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011) (citing U.S. Sentencing Comm'n, Federal Offenders Sentenced to Supervised Release 8–9 (2010)).

Just like the imposition of an initial term of supervised release, the assessment of a motion for early termination of supervised release is grounded in a careful consideration of the § 3553(a) factors as they relate to the defendant's current circumstances. United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Such relief may be granted where it "is warranted by the defendant's conduct and is in the interest of justice." Id. (citing 18 U.S.C. § 3583(e)(1)). And while early termination generally is proper only where the court is satisfied that something has changed when compared with the circumstances presented at the time the term was imposed, the

defendant's conduct and the existing circumstances need not reflect "exceptional, extraordinary, new, or unforeseen circumstance[s]." Id. In other words, a showing of new or unforeseen circumstances is not required; what is required is a showing that the defendant's conduct and circumstances now support early termination when assessed pursuant to an application of the § 3553(a) factors.

 Defendant has demonstrated that the primary purpose of supervised release has been accomplished; that is, he has successfully reintegrated back into society. And application of the § 3553(a) factors tips in favor of early termination. To be sure, defendant's offense conduct was very serious. He recruited individuals to serve as straw purchasers for the acquisition of handguns. He then assisted those individuals in completing the transactions and transferring possession of the weapons to himself when he was not permitted to possess a firearm. He was sentenced to 46 months of imprisonment and 2 years of supervised release. And he had a significant criminal history when the offenses of conviction were committed.

 Notwithstanding the above, defendant has charted an exemplary path since his release from custody. He has not had any contact with law enforcement or any reported violations. He has maintained steady employment and worked to establish a career as a profession chief. He has developed his own business and pursued production opportunities in media and written publication. And he has worked on rebuilding his relationship with his children.

 The sentence of 46 months and 1 year and 11 months of supervised release sufficiently reflects the need to account for the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence for such criminal conduct, protect the public from further crimes by defendant, and provide defendant with needed educational or vocational training, medical care, and other correctional treatment in the most effective manner. It is sufficient but not greater than necessary to satisfy all of these goals. Consequently, defendant's

motion for early termination is being granted to the extent it seeks relief consistent with this memorandum order.

s/David Stewart Cercone  
David Stewart Cercone  
Senior United States District Judge

cc: David Lew, AUSA  
R. Damien Schorr, Esquire

(*Via CM/ECF Electronic Mail*)